UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WISAM GHEBARI, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:17-cv-00549 |
| ASHFORD UNIVERSITY, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

NOW COMES the Plaintiff, WISAM GHEBARI ("Wisam"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ASHFORD UNIVERSITY, LLC ("Ashford") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages for Ashford's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 as Ashford conducts business in this District and Ashford's conduct harmed Wisam in Illinois.

## PARTIES

5. Plaintiff Wisam Ghebari is a consumer and natural person over 18-years-of-age who at all times relevant resided in Illinois.

6. Defendant Ashford University, LLC is a California corporation and conducts business in the State of Illinois and has a registered agent in Illinois. Its primary business is administering online collegiate courses.

## ASHFORD'S CALLS TO PLAINTIFF'S CELLULAR PHONE

7. At all times relevant, Wisam was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 7270. Wisam is and has always been financially responsible for the cellular phone and its services.

8. In or around September 2016, Wisam inquired about Ashford's online MBA program.

9. On September 28, 2016, Wisam received a call from an Ashford representative named "Caroline Jackson" offering enrollment information. During that call, Wisam said "hello," to which there was no response for approximately 3 seconds. After the pause, "Caroline Jackson" introduced herself and attempted to solicit Wisam's business.

10. In response to this call, Wisam informed Ashford that he was not interested in Ashford's MBA program at that time and demanded that Ashford cease placing calls to his cellular phone.

11. Wisam has never applied for admission to Ashford nor has he ever had any affiliation with Ashford.

12. Notwithstanding Wisam's demand that Ashford cease placing calls to his cellular phone, Ashford placed no less than 35 phone calls to Wisam's cellular phone between September 2016 and January 2017.

13. The persistence of Ashford's phone calls began to disrupt Wisam's everyday life.

14. Ashford's phone harassment campaign and illegal solicitation activities have caused Wisam actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

15. Wisam has been forced to retain counsel and incur attorney's fees as a result of Ashford's harassing phone calls.

**COUNT I – ASHFORD'S VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

16. Wisam restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

18. Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Wisam answered, Ashford used a predictive dialing system to place calls to Wisam.

19. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

20. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

21. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

22. Ashford violated the TCPA by placing no less than 30 phone calls to Wisam's cellular phone between September 2016 and January 2017 using an ATDS without Wisam's consent.

23. Wisam never consented to any of Ashford's calls to his cellular phone after demanding that the calls cease on September 28, 2016.

24. Furthermore, Wisam revoked consent to be contacted on his cellular phone.

25. As pled above, Wisam was harmed by Ashford's solicitation calls to his cellular phone.

26. Pursuant to 47 U.S.C. §227(b)(3)(B), Ashford is liable to Wisam for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Ashford's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Wisam is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff WISAM GHEBARI requests that this Honorable Court:

a. Declare Ashford's phone calls to Wisam to be violations of the TCPA;

b. Award Wisam damages of $1,500 per phone call for Ashford's willful violations of 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

## II – A<small>SHFORD'S</small> V<small>IOLATIONS OF THE</small> I<small>LLINOIS</small> C<small>ONSUMER</small> F<small>RAUD AND</small> D<small>ECEPTIVE</small> B<small>USINESS</small> P<small>RACTICES</small> A<small>CT</small>

27. Wisam restates and reallages paragraphs 1 through 15 as through fully set forth herein.

28. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

29. Wisam is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

30. Wisam is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

31. Ashford is engaged in "commerce" in the State of Illinois with regard to Wisam as defined by ICFA, 815 ILCS 505/1(f). Ashford is an online educational institution, which is an activity within the stream of commerce and utilized in their regular course of business.

### a. Unfairness and Deception

32. It is unfair for Ashford to harass Wisam through seemingly endless phone calls placed to his cellular phone after he requested that Ashford cease all communications with him.

33. It is unfair for Ashford to call Wisam in order to solicit its business after he stated that he was not interested in Ashford's services and demanded that the calls cease.

34. It is deceptive for Ashford to continue to contact Wisam in an effort to induce him into doing business with Ashford when he revoked consent to be contacted.

35. Ashford bullied Wisam into near submission via unfair conduct through its seemingly never-ending harassing phone calls.

36. The phone harassment campaign Ashford has unleashed on Wisam is against public policy, immoral, unethical, and oppressive.

37. As pled above, Wisam was severely harmed by Ashford's unfair conduct.

38. Upon information and belief, Ashford systematically places unsolicited and harassing phone calls to Illinois consumers in an effort to aggressively solicit its business.

39. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Ashford and is done on a broad scale.

40. An award of punitive damages is appropriate because Ashford's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Wisam and consumers, generally, and Wisam had no choice but to submit to the continued harassing phone calls.

WHEREFORE, Plaintiff WISAM GHEBARI requests that this Honorable Court:

a. Enter judgment in his favor and against Ashford;
b. Award Wisam his actual damages in an amount to be determined at trial;
c. Award Wisam punitive damages in an amount to be determined at trial;
d. Award Wisam his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 24, 2017          Respectfully Submitted,

<u>/s/ Omar T. Sulaiman</u>
Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630) 575-8181
Fax (630) 575-8188